Filed 4/22/13  P. v. Snyder CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>CARL JOHN SNYDER,<br><br>　　　　Defendant and Appellant. | A137204<br><br>(Napa County<br>Super. Ct. No. CR 128014) |

　　　　This is an appeal from a judgment of the Napa County Superior Court after a jury trial extending the commitment of defendant pursuant to Penal Code section 1026.5.  His commitment now terminates November 23, 2014.  His appellate counsel has reviewed the file in this case and has determined there are no meritorious issues to raise on appeal.  He has complied with the relevant case authorities, assuming *People v. Wende* (1979) 25 Cal.3d 436 and its progeny apply here.  He has also notified defendant of his right to file a supplemental brief, but Snyder has not done so.  Upon independent review of the record, we conclude that no arguable issues are presented for review and affirm the judgment.

### STATEMENT OF FACTS

　　　　Defendant in 2006 was found not guilty by reason of insanity of the offense of felonious assault with a deadly weapon (an umbrella) (Pen. Code, § 245, subd. (a)(1)). He was committed to the state hospital for a maximum term to expire March 7, 2010.  In

2008, the hospital recommended his release to an outpatient program. The conditional release program (CONREP) agreed and release was ordered by the court. In late 2011, the district attorney sought revocation of Snyder's outpatient status, contending defendant had escaped from the CONREP outpatient facility. Snyder later turned himself in to authorities. His outpatient placement was revoked on September 20, 2011. He was found to have a full-blown gambling addiction which triggered dishonesty, anger, deception and manipulative behavior. His family support had become uncooperative. His outpatient status was revoked on January 9, 2012, and Snyder was ordered committed to Napa State Hospital.

On April 27, 2012, Napa requested the district attorney file a petition to extend the commitment beyond the maximum term. Because time was tolled while Snyder was an outpatient, the term was to expire November 23, 2012.

On August 3, 2012, a petition was filed. The public defender was appointed to represent Snyder. On October 11, 2012, the trial court found good cause to continue the trial at the prosecution's request and without objection by defense counsel. On October 24, 2012, the case was continued on the motion of the court to October 26, 2012. The trial commenced on October 29, 2012. All jury instructions were adopted without objection by defense. After the jury verdict, the court extended commitment.

Defendant filed timely notice of his appeal on November 26, 2012, from a court order dated October 31, 2012.

## DISCUSSION

This is an appeal reviewing the extension of defendant's commitment after being found not guilty by reason of insanity. It has been presented to us as a *Wende* appeal and appropriately defendant's counsel has certified he has reviewed the record finding no issues to raise in the appeal. Under *Anders v. California* (1967) 386 U.S. 738, and *People v. Wende, supra,* 25 Cal.3d 436, due process does not require this court to conduct an independent review of an appeal from the denial of a petition for restoration of sanity,

2

*where appellate counsel finds no arguable issue.* "*Anders/Wende* review is not required in an appeal from the denial of a petition for restoration of competency." (*People v. Dobson* (2008) 161 Cal.App.4th 1422, 1435.) *Dobson* followed the rationale of the California Supreme Court when that court determined that *Wende* review was not needed in an extension of an LPS conservatorship.[1] (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 537–539.) In each instance, the extensions involve civil rather than criminal proceedings, and there are numerous safeguards in place to avoid erroneous results. (*Dobson, supra,* at p. 1437.)

Neither due process nor equal protection safeguards mandate *Wende*-like review by this court of the instant case. We conclude that when appointed appellate counsel files a *Wende* brief to an appeal from a denial of petition for restoration of competency, the *Anders/Wende* procedures are not applicable since it does not involve a criminal defendant's first appeal as a matter of right, and neither due process nor equal protection principles compel extension of the *Anders/Wende* procedures to this situation.

With these principles in mind, we affirm the judgment.

_____
Dondero, J.

We concur:

_____
Margulies, Acting P. J.

_____
Banke, J.

_____

[1] See Lanterman-Petris-Short Act; Welfare & Institutions Code section 5000 et seq.

3